# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 04-1384

LINDA DAIGLE ANHORN

VERSUS

BRUCE L. ANHORN

**************

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C-212-03
HONORABLE WENDELL R. MILLER, DISTRICT JUDGE

**************

**SYLVIA R. COOKS**
**JUDGE**
**************

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, and Billy H. Ezell, Judges.

**AFFIRMED.**

R. Michael McHale
Attorney at Law
910 Ford Street
Lake Charles, Louisiana 70601
(337) 430-0151
COUNSEL FOR PLAINTIFF/APPELLANT:
    Bruce L. Anhorn

Marcantel, Marcantel, Wall, Pfeiffer & Stretcher
Marcia Graf Pfeiffer
P.O. Box 1366
302 E. Nezpique Street
Jennings, Louisiana 70546
(337) 824-7380
COUNSEL FOR DEFENDANT/APPELLEE:
    Linda Daigle Anhorn

**COOKS, Judge.**

## STATEMENT OF THE CASE

This is a community property partition case. Bruce and Linda Anhorn divorced after twenty years of marriage. On March 21, 2003, Linda Daigle Anhorn filed a Petition for Judicial Partition of Community Property along with a detailed descriptive list. Three months later, Bruce Anhorn filed his detailed descriptive list. Mrs. Anhorn valued the family home at $150,000.00 and the bank account at $200,000.00. Mr. Anhorn valued the family home at $135,000.00 and the bank account at $179,000.00. Both assets were in the control of Mr. Anhorn. The parties were unable to agree to a partition. A November 5, 2003 trial date was set and continued by agreement of the parties. Still the parties were unable to finalize their community property regime. A second trial date was set for March 30, 2004. During this time Mr. Anhorn was represented by counsel who negotiated a compromise agreement. About a week before trial, Mr. Anhorn dismissed his attorney and retained another lawyer, Tim O'Dowd. On March 30, 2004, both parties with their attorneys appeared before Judge Miller. Mr. Anhorn's attorney, Mr. Dowd, withdrew prior to the hearing. He stated:

> I was presented with this matter on Thursday of this previous week. I believe it was Thursday of this previous week with the request from Mr. Anhorn to assist in the revisions of certain documents that he had prepared that – that had been prepared by other counsel, and in – and in order to produce the effect that he desired which I understood to be preclusion of any further lawsuits and the end – absolute end of litigation between he and Mrs. Anhorn, and I have done – I have represented him to that effect and have presented him with documents.
>
> I have not prepared for the trial today and there's no way I could try the case competently today, and with all due respect, I would ask the Court's leave to leave.

The trial court granted Mr. Dowd's request to withdraw. The following exchange occurred between Mr. Anhorn and the trial court.

2

| | |
|---|---|
| THE COURT: | You're prepared to go forward, then, -- |
| MR. ANHORN: | Yes, sir. |
| THE COURT: | – on your own? |
| MR. ANHORN: | That's – I would like a representative. I'd like a continuance in this matter sir, until I – |
| THE COURT: | This matter's been continued many times already – |
| MS. PFEIFFER: | Yes. |
| THE COURT: | — and we're here to try it today. |
| MR. ANHORN: | Yes, sir. All right. Fine. I'd prefer to have counsel with me in order to try this, Your Honor. |
| THE COURT: | You have counsel, and I think you've had – you've gone – how many attorneys have you gone through? |
| MR. ANHORN: | This would be the second attorney that I've hired. |
| THE COURT: | No, that's not – not the second attorney. How many attorneys have you gone through? |
| MR. ANHORN: | You mean, as far as representing, Your Honor? |
| THE COURT: | And – and consulting in this matter. |
| MR. ANHORN: | Probably perhaps three (3), Your Honor. Your Honor, I am in agreeance (sic) with this agreement here (indicating). It's just that I want the estate to be finalized today, and that I would like it to – to continue no more after today. A ruling of judgment of possession, I would like that done today if possible if they're willing to give — |
| . . . . | |
| THE COURT: | So we have to have a hearing today or a judgment signed today. That's the only way you're going to get it finished today. |

There was discussion on the record between Mr. Anhorn, the trial court and counsel for Mrs. Anhorn regarding whether the compromise agreement would convey ownership of the family home to him. He was assured, if he signed the document, ownership would be conveyed. When it came time to sign the compromise agreement, he refused, stating: "Well, Your Honor, I just haven't had really, you know, enough time to really fully understand this document." The trial court concluded Mr. Anhorn was "playing games" and proceeded with the hearing. Both parties testified and the two descriptive lists were filed in the record. The trial court took the matter under advisement.

A judgment was signed on July 16, 2004 and the trial court submitted extensive Reasons for Judgment. The judgment awarded Mr. Anhorn possession of the family

home and ordered him to reimburse Mrs. Anhorn for her share in the amount of $69,000.00. In determining the value of the family home the trial court obtained a certified property appraisal which placed a value of $138,000.00 on the home In determining the value of the movable property, the trial court, again, used an appraiser. With regard to those items which were not able to be appraised, the trial court averaged the values assigned to the property in descriptive lists filed by the parties. The trial court placed a value on the bank account at $189,000.00 which represents an average of Mrs. Anhorn's figure of $200,000.00 and Mr. Anhorn's figure of $179,000.00. The final judgment divided the community property evenly between the two parties based on the appraised values, the values assigned in the descriptive lists filed by the parties and the testimony presented at the hearing. Mr. Anhorn appeals the judgment asserting the following assignments of error.

(1) The trial court erred in not including the compromise agreement in the final judgment.
(2) The trial court erred in awarding Mrs. Anhorn more assets in the judgment than was awarded in the compromise agreement.
(3) The trial court erred in denying Mr. Anhorn a continuance and forcing him to trial without counsel.

We find no merit in Mr. Anhorn's assignments of error. Therefore, we affirm the decision of the trial court for the reasons assigned below.

## LAW AND DISCUSSION

In his first two assignments, Mr. Anhorn contends the trial court erred in awarding Mrs. Anhorn more than she would have received in the compromise agreement – an agreement Mr. Anhorn refused to sign. Mr. Anhorn contends he was prejudiced because the compromise agreement was not introduced at trial. The trial court reviewed the compromise agreement; however, it was not bound by its terms. The court was only bound by the principals of law governing the division of community assets between the parties. Louisiana Revised Statutes 9:2801(A)(4)

4

provides guidelines for the trial court when dividing community property. The statute provides in relevant part:

> (a) The court shall value the assets as of the time of trial on the merits, determine the liabilities, and adjudicate the claims of the parties.
>
> (b) The court shall divide the community assets and liabilities so that each spouse receives property of an equal net value.
>
> (c) The court shall allocate or assign to the respective spouses all of the community assets and liabilities.

The trial court based the valuations of the property on the reports of two certified appraisers. He received into evidence the two sworn descriptive lists submitted by the parties and he heard the testimony of Mr. Anhorn. Mr. Anhorn testified as to the accuracy of the descriptive list. We find the judgment rendered by the trial court divides the property equally, fairly, and in accordance with the statute. We have reviewed the compromise agreement and find no error in the decision of the trial court. Moreover, Mr. Anhorn had every opportunity to sign the compromise but failed to do so. He cannot now complain that Mrs. Anhorn received more community assets in the judgment than she would have received in the compromise agreement.

In his final assignment of error, Mr. Anhorn contends the trial court erred in refusing to grant a continuance. Louisiana Code of Civil Procedure Article 1601 provides "[a] continuance may be granted in any case if there is good ground therefor." In determining whether the trial court should grant a continuance, the court in *Sevario v. State ex rel Dep't of Transp.*, 98-1302, pp. 4-5(La.App. 1 Cir. 11/10/99), 752 So.2d 221, 226-27, *writ denied*, 99-3457 (La. 4/7/00), 759 So.2d 760 *writs not considered,* 99-3638 and 00-44 (La. 4/7/00), stated:

> The trial court should consider the diligence and good faith of the movant and other reasonable grounds. *Id.* The trial judge may also weigh the condition of the court docket, fairness to the parties and other litigants before the court, and the need for orderly and prompt administration of justice.

5

*Id.* at 226-227.

Mr. Anhorn argues he should have been allowed time to obtain additional counsel. However, the record indicates Mr. Anhorn employed three attorneys at different times to represent him. The parties had been attempting to complete a settlement for some time and trial on the matter had been continued once before. We find no error in the decision of the trial court denying the continuance.

## DECREE

Based on the foregoing review of the record, we affirm the decision of the trial court. All costs of this appeal are assessed to Bruce L. Anhorn.

**AFFIRMED.**